667 A.2d 693

IN THE MATTER OF ANTHONY J. FUSCO, JR., AN ATTORNEY AT LAW.

December 11, 1995.

## ORDER

This matter having been presented to the Court pursuant to *Rule* 1:20-10(b) following a motion for discipline by consent of **ANTHONY J. FUSCO, Jr.,** of **PASSAIC,** who was admitted to the bar of this State in 1972;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent improperly delegated recordkeeping responsibilities for his law firm's trust account to an associate over whom respondent had direct supervisory authority and thereafter failed to make reasonable efforts to ensure that the associate maintained

the trust account books and records in conformance with *Rule* 1:21–6;

And it being further agreed that as a result of respondent's lack of reasonable supervision and oversight over the associate, the associate knowingly misappropriated client funds in a scheme that resulted in an overdraft of $262,000 in respondent's trust and business accounts with First Fidelity Bank of Newark, New Jersey, ultimately causing the bank a loss of $288,000;

And the parties having agreed that respondent's violation of *RPC* 1.15(a) and (d) and *RPC* 5.1(a) and (b) warrants a reprimand;

And the Disciplinary Review Board having reviewed the record pursuant to *Rule* 1:20–10(b)(3) to determine the appropriate measure of discipline for respondent's misconduct;

And the Disciplinary Review Board having determined that a reprimand is the appropriate sanction for respondent's ethics infractions and having granted the motion for discipline by consent;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **ANTHONY J. FUSCO, Jr.,** is hereby reprimanded; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate costs incurred in the prosecution of this matter.